UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 MAY -3 AM 9: 29

DEPUTY CLERK _____

| | |
|---|---|
| STEPHANIE MARTINEZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 6:12-CV-049 BL |
| § | ECF |
| § | |
| CAROLYN W. COLVIN,[1] § | |
| Acting Commissioner of Social Security, § | |
| § | |
| Defendant. § | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

**THIS CASE** is before the court upon Plaintiff's complaint filed July 30, 2012, seeking judicial review of the administrative decision of the Commissioner of Social Security which denied Plaintiff's application for a period of disability and disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Plaintiff filed a brief in support of her complaint on December 28, 2012 (Doc. 22). Defendant filed a Response on January 28, 2013 (Doc. 22). Plaintiff filed her Reply on February 12, 2013 (Doc. 24).

Plaintiff indicated her refusal of consent to proceed before the United States Magistrate Judge on September 11, 2012 (Doc. 11). This court has considered the pleadings, the briefs, and the administrative record and recommends that the United States district judge reverse the Commissioner's decision and remand this matter for further administrative action.

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security, effective February 14, 2013, and is therefore substituted as Defendant in this matter for Michael J. Astrue, per FED. R. CIV. P. 25(d)(1).

## I. STATEMENT OF THE CASE

Plaintiff filed applications for disability insurance benefits and supplemental security income benefits on September 17, 2009, alleging disability beginning October 14, 2009. Tr. 130-32. Tr. 37. Plaintiff's applications were denied initially and upon reconsideration. Tr. 42-45, 48-55. Plaintiff filed a Request for Hearing by Administrative Law Judge ("ALJ") on May 30, 2010, and this case came for hearing before the ALJ on September 10, 2010. Tr. 28-41. Plaintiff, represented by a non-attorney, appeared and testified in her own behalf. Tr. 30-40. A vocational expert ("VE") appeared but did not provide expert testimony. Tr. 29-30. The ALJ issued an opinion that was unfavorable to Plaintiff on February 23, 2011. Tr. 11-27.

In his opinion, the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. Tr. 14. The ALJ found that Plaintiff met the disability insured status requirements of the Act on the alleged onset date through December 31, 2008. *Id.* The ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2004, her alleged onset date. Tr. 15. The ALJ found that Plaintiff has a "severe" combination of impairments, including lupus and polyarthritis. *Id.* The ALJ found no evidence of a mental impairment that led to any more than mild restrictions in Plaintiff's activities of daily living; ability to maintain social functioning; or concentration, persistence, or pace. Tr. 16-17. The ALJ also found that Plaintiff's mental impairment(s) caused no episodes of decompensation of extended duration. Tr. 17. The ALJ thus found that Plaintiff's medically determinable mental impairment of attention deficit hyperactivity disorder was not "severe." Tr. 16.

The ALJ found that Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1, Tr. 17. Therefore, the ALJ was required to determine whether

Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p (July 2, 1996)("SSR 96-7p"). Tr. 18. The ALJ noted Plaintiff's medical history of lupus and arthritis, pleurisy, kidney disease, and lupus nephritis. Tr. 19. The ALJ also noted that Plaintiff was treated with medication through December 2009 for her mental impairment. *Id.*

The ALJ noted Plaintiff's reports of her functioning, described her testimony, and noted the reports of Plaintiff's medical treatment. Tr. 19-21. The ALJ noted Plaintiff's psychological consultative exam with Dr. William Montgomery and his observations thereof. *Id.* The ALJ also discussed Plaintiff's consultative exam with Dr. Martin Franklin. Tr. 19. The ALJ noted that he had also given great weight to the findings of Dr. James Yost, Plaintiff's treating physician. Tr. 20.

The ALJ discussed Plaintiff's reports of her medical treatment and her activities of daily living and compared them with the objective medical evidence of record. Tr. 20. The ALJ also noted Plaintiff's claims regarding any mental impairment(s), and compared her subjective reports of symptoms with the lack of treatment received therein. Tr. 18-19.

The ALJ found that Plaintiff has underlying medically determinable impairments which are capable of producing the type of symptoms alleged. Tr. 18. The ALJ found, however, that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible. *Id.* The ALJ noted Plaintiff's reports to Dr. Yost of doing well, and his indication that Plaintiff had an excellent response to her treatment. Tr. 20. The ALJ found that while Plaintiff's statements regarding her pain were not fully credible insofar as her activities of

daily living are inconsistent with her complaints, such pain did impose some limitations. *Id.* The ALJ noted that although the State agency medical consultants had opined that Plaintiff retained the RFC for a full range of light work, in consideration of her complaints of pain, the ALJ found that Plaintiff retained the residual functional capacity to perform a full range of wiork at the sedentary exertional level. Tr. 20. In making his RFC finding, the ALJ described the weight given to the opinions of the treatment providers, the consulting examiners, the State agency medical consultants, and to the subjective allegations and testimony of the Plaintiff. Tr. 19-20.

The ALJ found that Plaintiff was unable to return to her past relevant work. Noting that Plaintiff was a younger individual on her alleged disability onset date with at least a high school education and the ability to communicate in English, the ALJ applied the Medical - Vocational Rules, 20 C.F.R. Pt. 404, Subpt. P, App. 2, to direct a finding of "not disabled." Tr. 20-21. The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. Tr. 21.

Plaintiff sought review of the hearing decision and order. Tr. 10. The Appeals Council issued an opinion denying review of the ALJ's hearing decision. Tr. 4-9. The ALJ's decision, therefore, became the final decision of the Commissioner. On June 30, 2012, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled. (Doc. 1).

## II. STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir.

2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton*, 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case, the ALJ found at step 5 that Plaintiff was not disabled because she retained the ability to perform work which exists in the national economy. Tr. 20-21.

### III. DISCUSSION

Plaintiff claims that the ALJ erred by failing to appropriately weight the opinions of consultative examiners, failed to appropriately consider the medical evidence showing limitations imposed by Plaintiff's severe impairment, and erred by indicating that he would not find her disabled unless her impairments were of sufficient severity to meet the criteria of the Listing of Impairments for lupus. The ultimate issue is whether the ALJ's decision is supported by substantial evidence.

The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).

The transcript of the ALJ hearing indicates the ALJ's observation that no physician in the record had "really give[n] a capacity assessment with this lupus." Tr. 24. The ALJ indicated that such an opinion would probably be needed before a decision could be made on Plaintiff's applications. *Id*. The ALJ later noted that Plaintiff's representative was arguing that Plaintiff's impairments were severe enough to meet several sections of the Listing of Impairments. Tr. 39. The ALJ observed:

> So there are some patches in your medical record. And truthfully, Ms. Martinez, the difficulty is that you're so young, that you are really going to have to meet that. We have an expert witness here about vocational matters, but if you don't meet that listing it's very difficult to meet the criteria that there wouldn't be some jobs that you can do, sedentary kind of jobs, even.

Tr. 39. The ALJ stated that Plaintiff would be sent for a consultative examination to see if Plaintiff met a Listing in the Listing of Impairments, noting "[i]f you met the Listing, you qualify as disabled, clearly. If you don't, then we are going to have to consider more." Tr. 39-40.

The record indicates that Plaintiff underwent a consultative examination by Drs. Franklin and Haverlah, D.O., after the ALJ hearing, on November 3, 2010. Tr. 455-466. The consultative examiners also completed a medical source statement on Plaintiff's ability to perform work activities. Tr. 463. The examiner opined that Plaintiff could sit, stand, and walk only one hour each, during an 8-hour workday, can lift and carry only up to 8 pounds, is limited to only occasional use of her hands, and should never: climb stairs and ramps; climb ladders or scaffolds; balance; stoop; kneel; crouch; and crawl. Tr. 463-66. The examiner also indicated numerous environmental limitations as well as limitations on most of the activities addressed. Tr. 466-68.

Having carefully considered the allegations of error asserted by the Plaintiff, as well as the applicable law, I find that the ALJ opinion was not supported by substantial evidence.

At the ALJ hearing, the ALJ misstated applicable law by indicating that Plaintiff's disability would most likely be decided on the basis of presumptive disability established by the Listing of Impairments. The ALJ indicated the correct steps of the sequential evaluation process in his hearing. Procedural perfection is not required; the ALJ's inartful observation that Plaintiff would more likely be found disabled by application of the Listings and applicable regulations does not demonstrate that the ALJ committed an actual and prejudicial legal error by applying an incorrect legal standard.

While this particular misstatement of the applicable law is, alone, insufficient, to provide the basis for a remand, an investigation of the record in light of Plaintiff's second claim of error is appropriate. In his decision, the ALJ noted the consultative exam ordered subsequent to the ALJ hearing, and pointed to Drs. Franklin and Haverlah's findings upon physical examination. The ALJ noted the opinions of such physicians, who included numerous physical and environmental limitations in the work capacity assessment completed in conjunction with the consultative exam. While the ALJ did refer to such findings, he did not adopt the opinions of Drs. Franklin and Haverlah, he did not describe what weight was accorded to the limitations noted by these physicians, and did not otherwise point to any other opinion by a treating or examining source on the record as to the specific limitations imposed by Plaintiff's impairments on her ability to perform work-related activity.

The ALJ may discount subjective complaints of pain as inconsistent with other evidence in the record. *See Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003) (citing *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991) (citation omitted)). The subjective testimony of Plaintiff must be weighed against the objective evidence of medical diagnosis. *Chaparro v. Bowen*, 815 F.2d 1008,

1010 (5th Cir. 1987) (citing *Jones v. Heckler*, 702 F.2d 616, 621 n.4 (5th Cir. 1983)). Subjective evidence need not take precedence over objective evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (citing *Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir 1988)). Moreover, a factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence. *Villa*, 895 F.2d at 1024 (citing *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987).

"The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (citing *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)). The task of weighing the evidence is the province of the ALJ. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The relative weight to be given these pieces of evidence is within the ALJ's discretion. *Id.*

The court does not find that the ALJ committed legal error by rejecting the opinions of the consultative examiners. The ALJ did not accept Plaintiff's subjective allegations of pain. The ALJ also did not accept the opinion of the consultative examiners as to the limitations imposed by Plaintiff's pain. However, as the ALJ noted at the hearing, the record did not otherwise contain substantial evidence as to the limitations imposed by Plaintiff's impairments. The lack of such evidence was, apparently, the impetus for further development of the record by a post-hearing consultative physical examination.

In his opinion, the ALJ indicated that he had considered the administrative findings of fact made by the non-examining State agency physicians and granted such findings "great evidentiary weight." Tr. 20. In so doing, the ALJ states that "there is no medical opinion on the record from any medical source indicating that the claimant is entirely incapable of working," but fails to otherwise

address or weigh the opinions of the physical consultative examiners as to the limitations imposed by Plaintiff's impairments, limitations which could be inconsistent with performing and maintaining employment.

The term "residual functional capacity assessment" describes an adjudicator's finding about the ability of an individual to perform work-related activities. Soc. Sec. Ruling 96-5p (July 2, 1996) ("SSR 96-5p"). The RFC assessment is based upon "*all* of the relevant evidence in the case record," including, but not limited to, medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. Soc. Sec. Ruling 96-8p (July 2, 1996) ("SSR 96-8p") (emphasis in original). The ALJ is responsible for determining a claimant's RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making the RFC assessment and in determining the limitations imposed by a claimant's impairment(s), the ALJ is instructed to consider the entire record. Soc. Sec. Ruling 96-7p (July 2, 1996) ("SSR 96-7p").

In this matter, the ALJ made an RFC finding that rejected Plaintiff's subjective complaints as to the limitations imposed by her impairments, including pain, and also rejected the opinions of the examining physical consultative physicians as to such limitations. Indeed, the ALJ's opinion fails to adequately demonstrate the basis for his RFC finding.

The court finds that the RFC determination and thus the ALJ decision are not supported by substantial evidence in the record. The decision does not explain or provide an adequate evidentiary basis for such decision, and this matter should be remanded for further administrative action, including a determination of whether an adequate record exists to make a disability finding; for further development of the record as necessary; for further consideration of the opinions of the

treating and examining physicians; and for appropriate application of the sequential evaluation process.

## IV. CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, this court recommends that the United States district judge **REVERSE** the Commissioner's decision and **REMAND** this matter for further administrative action as described herein.

Plaintiff having refused consent to having the United States magistrate judge conduct all further proceedings in this matter, this case is **TRANSFERRED** back to the docket of the United States district judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

**SO ORDERED.**

DATED this 3rd day of May 2013.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**